# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIAN'S SURROGACY, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>KENIA GERMAN; ELITE WOMEN SURROGACY LLC; GLORY NASH; VERONICA MUNOZ; JESSICA SIMAS; XOCHITL RACHELLE MACIAS; CLAUDIA ESCAMILLA; KARLA JIMENEZ; RAFAEL MARTINEZ; ESMERELDA LEON; and DOES 1 through 50,<br><br>          Defendants. | Case No.: 17cv718-MMA (WVG)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br><br><br><br><br><br><br><br><br>[Doc. No. 54] |

Presently before the Court is Defendants Claudia Escamilla's, Karla Jimenez's, Rafael Martinez's, Glory Nash's, Veronica Munoz's, Jessica Simas', Xochitl Rachelle Macias', Esmeralda Leon's, Kenia German's, and Elite Women Surrogacy, LLC's (collectively, "Defendants") motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54. Doc. No. 54-1 ("Mtn."). Plaintiff Physician's Surrogacy, Inc. ("Plaintiff") opposes the motion [Doc. No. 55 ("Oppo.")], and Defendants replied [Doc. No. 56 ("Reply")]. The Court took the matter under submission on the papers and without oral

argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 57. For the following reasons, the Court **DENIES** Defendants' motion for attorneys' fees.

### RELEVANT BACKGROUND

On April 7, 2017, Plaintiff filed this action alleging multiple causes of action against Defendants German, Nash, Munoz, Simas, Macias, Escamilla, Jimenez, Martinez, and Leon. Doc. No. 1. Defendants filed five separate motions to dismiss Plaintiff's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Doc. Nos. 4, 14, 15, 17, 19. Also, Defendants German and Leon moved to strike state law claims pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16. Doc. Nos. 16, 18. Lastly, Plaintiff moved for a preliminary injunction. Doc. No. 13. On August 23, 2017, the Court quashed service as to Defendants Escamilla, Jimenez, Martinez, and German and denied their motions as moot. Doc. No. 33. Additionally, the Court granted in part Defendants Nash's, Simas', Munoz's, Leon's, and Macias' motions to dismiss. *Id.* Specifically, the Court dismissed Plaintiff's federal claims as to all properly served defendants and declined to exercise supplemental jurisdiction over all state law claims asserted against all properly served defendants. *Id.* The Court also denied without prejudice Defendant Leon's motion to strike and Plaintiff's motion for a preliminary injunction. *Id.*

After the Court's Order, Plaintiff filed a First Amended Complaint ("FAC"), adding Elite Women Surrogacy, LLC as a defendant. Doc. Nos. 33, 34. The FAC asserted the following causes of action against all Defendants: violation of the Economic Espionage Act ("EEA"), for misappropriation of trade secrets, 18 U.S.C. § 1831 *et seq.*, as amended by the Defend Trade Secrets Act of 2016 ("DTSA"), PL 114-153, May 11, 2016, 130 Stat 376; violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502; violation of the California Business and Professions Code, Cal. Bus. & Prof. Code § 17200; conversion; and civil conspiracy. Doc. No. 34 ("FAC"). The FAC also alleged: breach of contract claims against

2

Defendants German, Nash, Simas, Macias, and Munoz; claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, against Defendants Escamilla, Jimenez, and Martinez; claims for breach of the duty of loyalty against Defendants German, Nash, Simas, Macias, and Munoz; and a cause of action for "claim and delivery" against Defendant German. *See id.*

Via three separate motions, Defendants moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. Nos. 41, 42, 43. Plaintiff also moved for a preliminary injunction. Doc. No. 40. On January 31, 2018, the Court granted in part Defendants' motions to dismiss, specifically dismissing Plaintiff's federal claims and declining to exercise supplemental jurisdiction over all state law claims asserted, and denied without prejudice Plaintiff's motion for a preliminary injunction. Doc. No. 49. The Court permitted Plaintiff to file a Second Amended Complaint ("SAC") on or before March 5, 2018. *Id.* at 23. Instead, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on March 2, 2018. Doc. No. 50. Accordingly, the case was dismissed without prejudice. Doc. No. 51.

On March 12, 2018, Plaintiff filed a complaint in state court alleging: (1) violation of California Civil Code section 3426, *et seq.*; (2) violation of California Business and Professions Code section 17200, *et seq.*; (3) conversion; (4) civil conspiracy; (5) breach of contract; (6) breach of the duty of loyalty; and (7) claim and delivery. Oppo. at 13. Plaintiff's state court complaint does not contain causes of action under the DTSA or the Computer Fraud and Abuse Act. *See id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion . . . . no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(A)-(B)(i). The motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award; state the amount sought or provide a fair estimate of it; and disclose, if the court

so orders, the terms of any agreement about fees or services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(ii)-(iv).

Rule 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." *Id.* at 1281 (quoting *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995)). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such an award." *MRO Commc'ns., Inc.*, 197 F.3d at 1281.

With respect to costs other than attorney's fees, Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

## DISCUSSION

Defendants' contend two statutes provide an independent source of authority for the Court to award attorneys' fees—a provision under the DTSA and California Penal Code § 502(e)(2) under the California Comprehensive Computer Data Access and Fraud Act. Mtn. at 6. Defendants also contend they are entitled to attorneys' fees under the Court's inherent powers. *Id.* at 9-10. Plaintiff contends Defendants' motion must be denied because there is no judgment and because Defendants' are not eligible for attorneys' fees under the statutes provided or by the Court's inherent powers.[1] *See generally*, Oppo.

//

//

---

[1] Plaintiff also argues the motion must be denied because Defendants' motion is untimely. Oppo. at 20. Even though the motion is untimely, the Court decides the motion on the merits.

### 1. *__Judgment__*

Plaintiff argues the motion does not identify a "judgment," as defined by Rule 54. Oppo. at 20. Rule 54 defines a judgment as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). As Plaintiff correctly identifies, "a voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995); *see Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747-51 (9th Cir. 2008) (finding a voluntary dismissal without prejudice to be appealable because the "unambiguous evidence of intent and the ambiguous language of the dismissal order" led the Ninth Circuit to conclude that dismissal of the claims were "with prejudice" and presented the Ninth Circuit "with an unquestionably final judgment"). Here, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. No. 50. Because there is no document labeled "judgment" in this case and no decree entered by the court and because a voluntary dismissal without prejudice is ordinarily not an appealable order, there is no judgment in this case for purposes of Rule 54. *See Keith Mfg., Co. v. Butterfield*, 256 F. Supp. 3d 1123, 1129-30 (D. Or. 2017). As such, a prerequisite for an award of attorneys' fees under Rule 54 is missing. Nevertheless, the Court will evaluate Defendants' argument that they are entitled to attorneys' fees as the prevailing party and pursuant to the Court's inherent powers.

### 2. *__Cal. Penal Code § 502(e)(2)__*

Defendants argue they are entitled to fees under California Penal Code § 502(e). Plaintiff counters that the "statute only allows fees to a prevailing party" and that Defendants are not the prevailing party. Oppo. at 21.

In "action[s] involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282. California law provides for the recovery of attorney's fees when authorized by contract or

statute. Cal. Civ. Proc. Code § 1033.5(a)(10). The California Comprehensive Computer Data Access and Fraud Act states that "the court may award reasonable attorney's fees." Cal. Pen. Code § 502(e)(2). As a result, Defendants contend they are entitled to fees under this statute. Mtn. at 7.

Originally, section 502(e)(2) read: "In any action brought pursuant to this subdivision the court may award reasonable attorney's fees to a prevailing party." *See* 1987 Cal. Legis. Serv. Ch. 1499 (S.B. 255) (West). In 2000, this section was amended to delete the words "to a prevailing party." *See* 2000 Cal. Legis. Servs. Ch. 635 (A.B. 2727) (West). At least three district courts have concluded that deletion of the words "to a prevailing party" indicates that the California Legislature intended that attorney's fees no longer be available to all prevailing parties, but intended to limit attorney's fee awards to prevailing plaintiffs. California Bill Analysis, A.B. 2727 Sen., 08/08/2000 ("[E]xisting law allows the award of attorney's fees to prevailing parties. In response to concerns that this language might chill desired civil enforcement under the proposed new civil cause of action, this provision is proposed for repeal."); *see also Swearingen v. HAAS Automation, Inc.*, No. 09cv473-BTM (BLM), 2010 WL 1495204, at *2 (S.D. Cal. Apr. 14, 2010) ("[A]n examination of the history of § 502 reveals that it was the intention of the California legislature to allow only prevailing plaintiffs to recover attorney's fees."); *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 WL 3394754, at *6 (N.D. Cal. Aug. 8, 2017); *Optistreams, Inc. v. Gahan*, No. CV-F-05-0117 REC SMS, 2006 WL 829113, at *10 (E.D. Cal. Mar. 27, 2006). However, an unpublished California Court of Appeal decision found that the plain text of the statute indicates that "any party is eligible for fees under section 502." *U.S. Source LLC v. Chelliah*, No. G049481, 2014 WL 6977597, at *4 (Cal. Ct. App. Dec. 10, 2014). There, the California Court of Appeal concluded that "[t]he [California] Legislature might not have wanted to chill reasonable section 502 claims, but it wasn't willing to insulate frivolous or abusive section 502 claims either" and, therefore, the decision to award fees remains within the discretion of the trial court. *Id.* at 2, 7.

If recovery of attorney's fees is limited to prevailing plaintiffs under California Penal Code § 502(e), Defendants are not permitted to recover their attorneys' fees as Defendants. *See Swearingen*, 2010 WL 1495204, at *2; *Facebook, Inc.*, 2017 WL 3394754, at *6; *Optistreams, Inc.*, 2006 WL 829113, at *10. If the decision to award fees remains within the trial court's discretion, the Court finds it would be unreasonable to award fees because the Court did not determine that Plaintiff's section 502 claim was either frivolous or abusive. *See U.S. Source LLC*, 2014 WL 6977597, at *4; *see* Doc. No. 49 at 20-21 (declining to exercise supplemental jurisdiction over Plaintiff's state law claims, but stating that "[i]f Plaintiff sufficiently alleges a federal claim in a future amended complaint, the Court will reconsider exercising supplemental jurisdiction over Plaintiff's state law claims"). Accordingly, the Court declines to award Defendants attorneys' fees under section 502(e).

### 3. *The DTSA*

Plaintiff also contends Defendants are not entitled to attorneys' fees under the DTSA because they are not the prevailing party and Plaintiff's DTSA claim was not made in bad faith. Oppo. at 22-27.

The attorneys' fees provision of the DTSA provides that "a court may, . . . if a claim of [trade secret] misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party." 18 U.S.C. § 1836(b)(3)(D).

Prevailing party status requires that a party "received a judgment on the merits, or obtained a court-ordered consent decree." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). In addition, "such relief must 'create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees.'" *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) (citing *Buckhannon*, 532 U.S. at 604). This material alteration

test applies to federal fee shifting statutes that contain the phrase "prevailing party." *Cadkin v. Loose*, 569 F.3d 1142, 1148-49 (9th Cir. 2009).

In *Oscar*, the Ninth Circuit considered whether a dismissal without prejudice confers prevailing party status upon a defendant. *Oscar*, 541 F.3d at 981. There, the Ninth Circuit held "that the dismissal without prejudice did not confer prevailing party status upon the defendant." *Id.* at 982. In particular, the Ninth Circuit noted that "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing." [2] *Id.* at 981. One year later, in *Cadkin*, the Ninth Circuit explained that "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." [3] *Cadkin*, 569 F.3d at 1150.

Here, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. No. 50. Dismissal of the case did

---

[2] The Ninth Circuit distinguished *Oscar* from *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003), because in *Miles* "the underlying case was dismissed 'without prejudice to Miles' right to seek any available relief in the state court.'" *Oscar*, 541 F.3d at 982 (citing *Miles*, 320 F.3d at 989). The Ninth Circuit concluded that the dismissal in *Miles* altered the legal relationship of the parties because Miles could not re-file his claim in federal court. *Id.*

[3] The cases Defendants cite to in support of the argument they should be deemed prevailing parties are unavailing. *See* Mtn. at 7-9. For example, Defendants contend *Corcoran v. Columbia Broad., System, Inc.*, 121 F.2d 575 (9th Cir. 1941) is not binding, but has "strong persuasive value." Mtn. at 8. Defendants fail to explain, however, that the Ninth Circuit overruled *Corcoran* to the extent it is inconsistent with *Buckhannon*. *See* Mtn.; *see also Cadkin*, 569 F.3d at 1149. Defendants also rely on *International Marble & Granite of Colorado, Inc. v. Congress Financial Corp.*, 465 F. Supp. 2d 993 (C.D. Cal. 2006), which relies on *Corcoran*. Mtn. at 7. Similarly, Defendants contend that *Lorillard Tobacco Co. v. Engida*, 556 F. Supp. 2d 1209 (D. Colo. 2008) is persuasive because the Court determined the defendant was a prevailing party where the plaintiff voluntarily dismissed the case without prejudice and the defendant defeated the plaintiff's motion for a preliminary injunction. Mtn. at 8-9. However, the Tenth Circuit reversed the decision, finding that the a voluntary dismissal without prejudice does not confer prevailing party status upon a defendant and that "a defendant who *defeats* an injunction cannot be a prevailing party if the denial similarly is based on non-merits grounds." *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1214-17 (10th Cir. 2010) (emphasis in original). Defendants' citation to *Scientific Weight Loss, LLC v. U.S. Medical Care Holdings, LLC*, No. CV 08-2852 PSG (FFMx), 2009 WL 2151365 (C.D. Cal. July 15 2009) is also unavailing, as it relies on the Colorado District Court's decision in *Lorillard* and *International Marble,* which relies on *Corcoran*. *Scientific Weight Loss*, 2009 WL 2151365, at * 3-4.

not judicially preclude Plaintiff from refiling its claims in federal court. *See* Doc. Nos. 50, 51. Accordingly, this Court cannot conclude that Defendants are the prevailing party and, therefore, Defendants are ineligible for an award of attorneys' fees under the DTSA.[4] *See Cadkin*, 569 F.3d at 1150; *see also* 18 U.S.C. § 1836(b)(3)(D) (permitting attorneys' fees for the prevailing party).

### 4. *Court's Inherent Powers*

Defendants contend "Plaintiff's 'shotgun' approach, directing so many failed claims, towards so many Defendants, for whom Plaintiff could never muster sufficient allegations of wrong doing against was done in bad faith," and, therefore, the Court may award attorneys' fees under its inherent power. Mtn. at 9-10. Plaintiff counters that "there is no evidence of bad behavior, much less the high level required for this Court to invoke its inherent powers and take the extraordinary action of sanctioning Plaintiff . . . ." Oppo. at 30.

A court has the inherent power to assess attorneys' fees for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Roadway Express v. Piper*, 447 U.S. 752, 766 (1980) (internal quotation marks and citations omitted). Bad faith applies not only to actions that led to filing the complaint, but also to conduct during the litigation. *Id.* The Court may assess attorneys' fees against the responsible party when the court finds "'that fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (citation omitted). Due to its potency "inherent powers must be exercised with restraint and discretion." *Id.* at 44.

A specific finding of bad faith or conduct tantamount to bad faith is required for inherent power sanctions. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Bad faith conduct includes willful actions, such as "recklessness when combined with an additional

---

[4] The Court declines to address Plaintiff's additional arguments under the DTSA in light of the Court's determination that Defendants are not prevailing parties.

factor, such as frivolousness, harassment, or an improper purpose." *Id.* "[S]anctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (citation omitted).

The Court's order granting Defendants' motion to dismiss Plaintiff's FAC and denying Plaintiff's motion for a preliminary injunction did not find any evidence of bad faith. *See* Doc. No. 49. The Court only addressed Plaintiff's federal claims in its order. *Id.* With respect to its DTSA claim, the Court found that it could not draw a reasonable inference about which individual Defendant is liable and for which acts. *Id.* at 18. As such, the Court dismissed the DTSA claims without prejudice, and with leave to amend. *Id.* With respect to the Federal Computer Fraud and Abuse Act, the Court found Plaintiff failed to sufficiently allege how or where the relevant Defendants accessed Plaintiff's protected computers and dismissed those claims, but granted Plaintiff leave to amend. *Id.* at 19-20. The Court then declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, but indicated that "[i]f Plaintiff sufficiently alleges a federal claim in a future amended complaint, the Court will reconsider exercising supplemental jurisdiction over Plaintiff's state law claims." *Id.* at 20-21.

Accordingly, the Court did not find any evidence of bad faith, and the notice of voluntary dismissal followed by the filing of certain state law claims in state court also does not give rise to bad faith. As such, the Court declines to award attorneys' fees to Defendants under the Court's inherent powers.

### 5. *Costs*

Plaintiff contends that Defendants do not seek an award of costs. Oppo. at 14. However, Defendants' motion states that "Rule 54(d) creates a presumption in favor of a costs award" to the prevailing party, and also states that Defendants are the prevailing party. Mtn. at 6. As such, Defendants appear to be seeking an award of costs.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party."[5]  Fed. R. Civ. P. 54(d)(1).  As discussed previously, Defendants have not adequately demonstrated that they are the prevailing party.  *See Miles*, 320 F.3d at 988-89; *see also Koby v. ARS Nat'l Servs.*, No. 3:09-cv-00780-KSC, 2018 U.S. Dist. LEXIS 46726, at *14-15 (S.D. Cal. Mar. 20, 2018) (finding that a voluntary dismissal without prejudice does not confer prevailing party status upon a defendant pursuant to Rule 54(d)(1)).  Further, Civil Local Rule 54.1, which governs costs, explicitly states that "[t]he defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a)."  Civ. L.R. 54.1(f).  As such, they are not entitled to costs pursuant to Rule 54(d)(1) or Civil Local Rule 54.1.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' motion for attorneys' fees and costs.

**IT IS SO ORDERED**.

Dated:  April 19, 2018

Hon. Michael M. Anello
United States District Judge

---

[5] "[T]he award of costs is governed by federal law under Rule 54(d)," even where there are state law claims.  *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987); *see, United Cal. Bank v. THC Fin. Corp.*, 557 F.2d 1351, 1361 (9th Cir. 1977) (applying federal law as to costs and California state law on the issue of attorneys' fees).

17cv718-MMA (WVG)